UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2005 JUN -2 P 3: 50

CLERK
BY
DEPUTY CLERK

| JOYCE ANN WALKER, | ) | |
| Plaintiff; | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | *1: 05 - cv -150* |
| C&S WHOLESALE GROCERS, INC. | ) | |
| and DAVID MARTINEAU, | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants C&S Wholesale Grocers, Inc. and David Martineau file this Notice of

Removal pursuant to 28 U.S.C. § 1441 et seq. to remove the above-captioned action commenced

in Windham County, Vermont Superior Court to the United States District Court for the District

of Vermont.  As grounds for removal, Defendants state as follows:

1.      On or about May 9, 2005, Plaintiff Joyce Ann Walker commenced a civil action

against the Defendants in Windham County Superior Court, entitled Joyce Ann Walker v. C&S

Wholesale Grocers, Inc. and David Martineau.  A copy of the Complaint is attached.

2.      On or about May 13, 2005, Defendants were served with the Complaint and

Summons.

3.      The Complaint contains three counts but does not provide any citation to any law

allegedly violated.

4.      The United States District Court for the District of Vermont has federal question

jurisdiction based on the Complaint's articulation of claims under the federal Equal Pay Act, 29

U.S.C. § 206(d)(1), and Title VII of the Civil Rights Act, 42 U.S.C. § 2000.  The prima facie

elements of a claim under 29 U.S.C. § 206(d)(1) are as follows:

DOWNS
RACHLIN
MARTIN PLLC

    a.  the employer pays different wages to employees of the opposite sex;

    b.  the employees perform equal work on jobs requiring equal skill, effort, and

        responsibility; and

    c.  the jobs are performed under similar working conditions.

Tomka v. The Seiler Corp., 66 F.3d 1295, 1310 (2d Cir. 1995) (citing Corning Glass Works v.

Brennan, 417 U.S. 188, 195 (1974));

    5.      The Complaint also articulates a claim under Title VII of the Civil Rights Act, 42

U.S.C. § 2000e-2(a), under which:

> "it shall be an unlawful employment practice for an employer . . .
> to discharge any individual, or otherwise to discriminate against
> any individual with respect to his compensation, terms, conditions
> or privileges of employment, because of such individual's . . . sex
> . . . [or to] limit, segregate, or classify his employees . . . in any
> way which would deprive or tend to deprive any individual of
> employment opportunities or otherwise adversely affect his status
> as an employee, because of such individual's . . . sex . . ."

    6.      The Complaint alleges, inter alia, that:

    a.  Plaintiff "informed" her supervisor that statements she alleges he made expressing

        a preference for hiring male employees were unlawful.  Complaint ¶ 12.

    b.  Defendant C&S hired a male worker for a position similar to Plaintiff's "and

        requiring similar, but not identical, skill and effort and performed under similar

        working conditions." Complaint ¶ 14.

    c.  "Said [male employee] was paid a starting salary that was greater than Plaintiff's

        salary despite the fact that Plaintiff had then been an employee of C&S for a

        longer period of time and the responsibility she bore was greater than that of [the

        male employee]." Complaint ¶ 15.

DOWNS
RACHLIN
MARTIN PLLC

d. "On or about June 1, 2001, Plaintiff . . . received a raise in salary but still below the salary of said male worker . . ." Complaint ¶ 29.

e. Plaintiff's supervisor "recognized that Plaintiff's complaints [about the alleged pay discrepancy] were justified, but refused to take any action to address the inequity and commenced a course of treatment of Plaintiff designed to terminate Plaintiff for and on account of her request for fair and equal treatment and which ultimately resulted in her discharge on August 25, 2003." Complaint ¶ 31.

f. Such treatment "constituted a pretext for termination and created a hostile work environment coupled with harassment and discrimination resulting from Plaintiff's concerns regarding gender related disparate treatment." Complaint ¶ 33.

g. "Defendants hired and employed a male worker at a higher wage rate than Plaintiff for equal work in jobs requiring similar skills, effort and responsibility under similar conditions." Complaint, Count Two, ("Discrimination") ¶ 46.

h. "Plaintiff was subjected to a hostile work environment, disparate treatment, and discrimination based on seemingly small incidents; criticized more harshly; scrutinized more closely; which in aggregate created an environment of hostility and discrimination." Complaint, Count Two, ("Discrimination") ¶ 47.

i. "Defendants' employer/employee relationship with Plaintiff was conducted in an unfair, hostile and disparate manner based on her gender." Complaint, Count Two, ("Discrimination") ¶ 48.

7.    By virtue of the Complaint's claims under the Equal Pay Act and Title VII of the Civil Rights Act, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

Accordingly, removal is proper pursuant to 28 U.S.C. § 1441(a).  To the extent the Complaint also asserts state law claims, this Court also has jurisdiction over any such claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(c)

8.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) within thirty (30) days after receipt by Defendants of a copy of the Complaint.

9.      Copies of all process and pleadings served on Defendants in connection with the State Court action are submitted herewith.  No additional papers have been served on Defendants.

10.     Defendants will give written notice of the filing of this notice to Plaintiff and will file a copy of this notice with the clerk of Windham Superior Court pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants C&S Wholesale Grocers, Inc. and David Martineau respectfully request that this action proceed as an action removed to the United States District Court for the District of Vermont.

Brattleboro, Vermont                    DOWNS RACHLIN MARTIN PLLC
June 2, 2005

                                        By _____
                                           Timothy E. Copeland, Jr.
                                           80 Linden Street
                                           P.O. Box 9
                                           Brattleboro, VT  05302-0009
                                           Telephone:  (802) 258-3070
                                           Facsimile:  (802) 258-2286

                                        ATTORNEYS FOR DEFENDANTS
                                        C&S WHOLESALE GROCERS, INC. and
                                        DAVID MARTINEAU

BRT.57225.1

DOWNS
RACHLIN
MARTIN PLLC

4