UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2005 JUN -2 P 3: 50

JOYCE ANN WALKER,      )
    Plaintiff;      )
              )
    v.      )      Case No.
              )
C&S WHOLESALE GROCERS, INC.      )
and DAVID MARTINEAU,      )
    Defendants.      )

CLERK
BY_____
DEPUTY CLERK

*1:05-cv-150*

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants C&S Wholesale Grocers, Inc. ("C&S") and David Martineau hereby answer

Plaintiff Joyce Ann Walker's Complaint as follows:

1.     Defendants lack information sufficient to form a belief as to the truth of the

allegation regarding Plaintiff's residence, and therefore denies it.

2.     Admitted.

3.     Admitted that Mr. Martineau is a resident of Marlborough, New Hampshire and

was an employee of C&S at all times referenced in the Complaint.  The remaining allegations

state legal conclusions.  To the extent an answer is required, the allegations are denied.

4.     Admitted that in 1996 Plaintiff applied for a position as a cook with C&S.

5.     Denied.

6.     Denied.

7.     Admitted that C&S hired Plaintiff as a cook in its Brattleboro, Vermont facility on

or about September 4, 1996; remainder denied.

8.     Admitted that at some times during her employment, Plaintiff was a loyal and

productive worker who performed her job faithfully; otherwise denied.

9.     Defendants lack information sufficient to form a belief as to the truth of the



DOWNS
RACHLIN
MARTIN PLLC

allegation regarding Plaintiff's subjective expectation.  Defendants deny the allegation that any reliance was justifiable.

10.  Admitted only that after commencing work with C&S, Plaintiff received some pay increases, promotions, favorable performance reviews and other recognitions of good performance; remainder denied.

11.  Admitted.

12.  Admitted that Plaintiff's immediate supervisor was David Martineau; remainder denied.

13.  Denied.

14.  Admitted that C&S hired Steven Forestiere, a male employee, for a cafeteria manager position in 1997; remainder denied.

15.  Denied.

16.  Denied that any "discrepancy in salaries" existed or was discussed.

17.  Denied that any "discrepancy in salaries" existed or was discussed.

18.  Denied.

19.  Denied that any "discrepancy in salaries" existed or that any C&S official "failed to justify" any discrepancy.

20.  Admitted that Mr. Davis resigned from C&S; remainder denied.

21.  Denied that any "discrepancy in salaries" existed or that any C&S official "failed to justify" any discrepancy.

22.  Admitted that Mr. Arkinbark resigned from C&S; remainder denied.

23.  Denied.

24.  Denied that any "discrepancy in salaries" existed or that any C&S official "failed

to justify" any discrepancy.

25.     Admitted that Ms. Rocheleau resigned from C&S; remainder denied.

26.     Denied that any "discrepancy in salaries" existed or that any C&S official "failed to justify" any discrepancy.

27.     Denied.

28.     Denied that any "discrepancy in salaries" existed or that any C&S official "failed to justify" any discrepancy.

29.     Admitted that Plaintiff received a performance evaluation on or about June 1, 2001 and received a raise in salary; remainder denied.

30.     Admitted that Plaintiff and Mr. Forestiere had different responsibilities; remainder denied.

31.     Denied.

32.     a.     Denied.

        b.     Denied.

        c.     Denied.

        d.     Admitted that Plaintiff's performance was rated poorly in June 2002; remainder denied.

        e.     Denied.

        f.     Admitted.

        g.     Denied.

        h.     Denied.

        i.     Admitted that Plaintiff delivered a note from her doctor addressed to John Glende and David Martineau advising that she could "lift up to 50 lbs. if

DOWNS
RACHLIN
MARTIN PLLC

her job requires that she do it;" remainder denied.

      j.     Denied.

      k.     Denied.

33.     States a legal conclusion.  To the extent an answer is required, the allegation is denied.

34.     Admitted that Plaintiff's employment with C&S was terminated on or about August 25, 2003; remainder denied.

35.     States a legal conclusion.  To the extent an answer is required, the allegations are denied.

36.     Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore deny them.

37.     Upon information and belief, admitted that Plaintiff works in a lunch truck. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37, and therefore deny them.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Non-traversable; but to the extent an answer is required, the allegation is denied.

42.     States a legal conclusion.  To the extent an answer is required, the allegation is denied.

43.     States a legal conclusion.  To the extent an answer is required, the allegation is denied.

44.     States a legal conclusion.  To the extent an answer is required, the allegation is

denied.

45.    Non-traversable; but to the extent an answer is required, the allegation is denied.

46.    Denied.

47.    States a legal conclusion.  To the extent an answer is required, the allegations are denied.

48.    States a legal conclusion.  To the extent an answer is required, the allegations are denied.

49.    States a legal conclusion.  To the extent an answer is required, the allegations are denied.

50.    Non-traversable; but to the extent an answer is required, the allegation is denied.

51.    States a legal conclusion.  To the extent an answer is required, the allegation is denied.

52.    States a legal conclusion.  To the extent an answer is required, the allegation is denied.

53.    States a legal conclusion.  To the extent an answer is required, the allegation is denied.

Plaintiff's demand for judgment and claim for damages are non-traversable; but to the extent an answer is required, the demands are denied.  All allegations in the Complaint that are not specifically admitted are denied.

## **AFFIRMATIVE DEFENSES**

1.    Failure to state a claim.

2.    Failure to mitigate.

3.    Payment.



5

4.      Punitive damages unconstitutional.

5.      Punitive damages not allowed.

6.      Statute of limitations.

7.      Failure to exhaust administrative remedies.

8.      Unclean hands.

9.      Waiver.

10.     Estoppel.

11.     Failure of consideration.

12.     Any pay disparities justified by factors other than sex.

Brattleboro, Vermont                    DOWNS RACHLIN MARTIN PLLC
June 2, 2005

                                        By _____
                                           Timothy E. Copeland, Jr.
                                           80 Linden Street
                                           P.O. Box 9
                                           Brattleboro, VT  05302-0009
                                           Telephone:  (802) 258-3070
                                           Facsimile:  (802) 258-2286

                                        ATTORNEYS FOR DEFENDANTS
                                        C&S WHOLESALE GROCERS, INC. and
                                        DAVID MARTINEAU

BRT.57227.1

DOWNS
RACHLIN
MARTIN PLLC